SAM S. PUATHASNANON, Cal. Bar No. 198430
Email: puathasnanons@sec.gov
GARY Y. LEUNG, L.R. 83-2.4.1 leave granted
Email: leungg@sec.gov
JACOB A. REGENSTREIF, Cal. Bar No. 234734
E-mail: regenstreifj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3815

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALVIN R. BROWN, FIRST CHOICE INVESTMENT, INC., and ADVANCED CORPORATE ENTERPRISES, INC. d/b/a A-CORP ENTRPRISES a/k/a ACORP DEVELOPMENT a/k/a A-CORP INVESTMENT,<br><br>Defendants. | Case No. CV 13-01629-ABC (VBKx)<br><br>**[PROPOSED] PRELIMINARY INJUNCTION** |

1

This matter came before the Court upon Plaintiff Securities and Exchange Commission's *Ex Parte* Application for a Temporary Restraining Order and Order To Show Cause Why a Preliminary Injunction Should Not Be Granted (the "TRO Application").

The Court, having considered the Commission's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that Defendants Alvin R. Brown ("Brown"), First Choice Investment, Inc. ("First Choice") and Advanced Corporate Enterprises, Inc. (d/b/a A-Corp Enterprises, a/k/a ACorp Development a/k/a A-Corp Investment) ("ACorp") and each of them (collectively "Defendants"), have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e(a), 77e(c), 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated (1) a *prima facie* case that one or more violations of the securities laws has occurred and (2) a reasonable likelihood that the violations will be repeated.

D. Defendant Brown has consented to the entry of a preliminary injunction and does not contest the appointment of permanent receiver.

**I.**

IT IS HEREBY ORDERED that the Commission's application for a preliminary injunction is GRANTED.

**II.**

IT IS FURTHER ORDERED that Brown, First Choice, and ACorp, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

- A. unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
- B. unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or
- C. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

**III.**

IT IS FURTHER ORDERED that Defendants Brown, First Choice, and ACorp, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**IV.**

IT IS FURTHER ORDERED that Defendants Brown, First Choice, and ACorp, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a

|   |   |
|---|---|
| | material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or |
| C. | engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; |

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Brown, First Choice, and ACorp, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for

1  the Commission to be heard) in all accounts at any bank, financial institution or
2  brokerage firm, or Internet or "e-commerce" payment processor, all certificates of
3  deposit, and other funds or assets, held in the name of, for the benefit of, or over
4  which account authority is held by any one of the Defendants, including but not
5  limited to the accounts listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Chase | First Choice Investment, Inc. | XXXXX6762 |
| Chase | First Choice Investment, Inc. | XXXXX6770 |
| Chase | First Choice Investment, Inc. | XXXXX9282 |
| Chase | First Choice Investment, Inc. DBA First Choice Energy Partners, LP | XXXXX3728 |
| Chase | First Choice Investment, Inc. | XXXXX2843 |
| Chase | First Choice Investment, Inc. DBA First Choice Energy Partners, LP | XXXXX7889 |
| Chase | First Choice Investment, Inc. DBA First Choice Energy Partners, LP | XXXXX2830 |
| Chase | Alvin Brown DBA First Choice Investment, Inc. | XXXXX4308 |
| Chase | Advanced Corporate Enterprises, Inc.  DBA Advanced Capital Enterprise | XXXXX5686 |
| Chase | Advanced Corporate Enterprises, Inc. | XXXXX2975 |
| Chase | Advanced Corporate Enterprises, Inc. | XXXXX3177 |
| Chase | Advanced Corporate Enterprises, Inc. | XXXXX6127 |
| Chase | Advanced Corporate Enterprises, Inc. | XXXXX7448 |
| Chase | Advanced Corporate Enterprises Inc. DBA Advanced Capital Enterprise | XXXXX5698 |
| Chase | Advanced Concepts Enterprises, Inc. | XXXXX4076 |
| Chase | Advanced Concepts Enterprises, Inc. | XXXXX2983 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Chase | Advanced Concepts Enterprises, Inc. | XXXXX9277 |
| Chase | Advanced Assets Solutions, Inc. | XXXXX3413 |
| Chase | Advanced Assets Solutions, Inc. | XXXXX9137 |
| Chase | Advanced Assets Solutions, Inc. | XXXXX6689 |
| Chase | Advanced Assets Solutions, Inc. | XXXXX7174 |
| Chase | Alvin Roy Brown or Debra Brown | XXXXX0549 |
| Chase | Alvin Roy Brown or Debra Brown | XXXXX4442 |
| Chase | Benjamin Brown and Alvin Roy Brown | XXXXX5339 |
| Chase | Jessie Brown and Alvin Roy Brown | XXXXX5321 |

## VII.

IT IS FURTHER ORDERED that Krista Freitag is appointed as permanent receiver of Defendants First Choice and ACorp and the entities they control and manage, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of First Choice or ACorp and their subsidiaries and affiliates, and that such permanent receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by First Choice or ACorp, and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property including access to and

taking custody, control, and possession of all such First Choice and ACorp property, and that of their subsidiaries and affiliates; the permanent receiver shall have authority to enter and secure the premises located at 409 N. Pacific Coast Highway, Suite 700, Redondo Beach, California 90277, 4712 Admiralty Way Suite 912, Marina Del Rey, CA 90292, and any other locations at which First Choice or ACorp operates their businesses, including by locksmith and change of key;

B. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of First Choice and ACorp and their subsidiaries and affiliates, or which maintains accounts over which First Choice and ACorp, and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by First Choice and ACorp, and their subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by First Choice and ACorp, and its subsidiaries and affiliates;

E. to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of First Choice and

|   |   |   |
|---|---|---|
| | | ACorp and to file the accounting with the Court and deliver copies thereof to all parties; |
| | F. | to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as permanent receiver; |
| | G. | to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of First Choice and ACorp, and their subsidiaries and affiliates; |
| | H. | to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which she deems relates to their business and the discharging of her duties as permanent receiver; |
| | I. | to operate and control the content of information posted on any Internet website maintained by First Choice and ACorp and their subsidiaries and affiliates; and |
| | J. | to exercise all the lawful powers of First Choice and ACorp and their subsidiaries and affiliates, and their officers, directors, employees, representatives, partners, or persons who exercise similar powers and perform similar duties. |

## VIII.

IT IS FURTHER ORDERED that Defendants Brown, First Choice, and ACorp, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, any other entities in receivership, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or

other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

### IX.

IT IS FURTHER ORDERED that, to the extent not already completed, Defendants Brown, First Choice, and ACorp, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and any other entities in receivership, shall, within 48 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desktop computers, laptop computers, personal digital assistants ("PDAs"), or smartphones owned and/or used by them in connection with their business.  In the case of Brown, he shall, within 24 hours of the issuance of this Order, prepare and deliver to the permanent receiver a detailed and complete schedule of all desktop computers, laptop computers, PDAs, or smartphones owned, controlled or used by him for any purpose.  The schedules required by this section shall include, at a minimum, the make, model and description of each computer, PDA, or smartphone, along with its location, the name of the person primarily assigned to use the computer, PDA, or smartphone, all passwords necessary to access the computer, PDA, or smartphone, and all passwords necessary to access and use the software contained on the computer, PDA, or smartphone.  The permanent receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers, PDAs, or smartphones.

### X.

IT IS FURTHER ORDERED that, subject to Brown's right to assert, to the extent applicable, his privilege against self-incrimination under the Fifth Amendment to the United States Constitution, and to the extent not already completed, Defendants Brown, First Choice, and ACorp, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and any other entities in receivership, shall, within 48 hours of the issuance of this Order, cause to be

prepared and delivered to the permanent receiver a detailed and complete schedule of all passwords, usernames, and identification numbers for all websites, email accounts, and all accounts and any bank, financial institution or brokerage firm operated by or to which Brown, First Choice, and ACorp. If Brown invokes his Fifth Amendment privilege against self-incrimination and asserts that the invocation of such privilege relieves him of the obligation to provide the information in this paragraph, Brown shall provide written notice of his invocation of the privilege to the permanent receiver and counsel for the Commission.

## XI.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Brown, First Choice, and ACorp, and their subsidiaries and affiliates, shall take any action or purport to take any action, in the name of or on behalf of First Choice and ACorp, and their subsidiaries and affiliates, without the written consent of the permanent receiver or order of this Court.

## XII.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants First Choice, and ACorp, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of First Choice and ACorp, or their subsidiaries and affiliates; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Brown, First Choice, or ACorp, or their subsidiaries and affiliates, or in any way to interfere with or harass the permanent receiver or his attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

### XIII.

IT IS FURTHER ORDERED that Defendants Brown, First Choice, and ACorp, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

### XIV.

IT IS FURTHER ORDERED that Defendants Brown, First Choice, and ACorp, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of her

duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist her in carrying out her duties and obligations.  All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of her duties and responsibilities.

## XVI.

IT IS FURTHER ORDERED that representatives of the Commission and any law enforcement agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of First Choice and ACorp and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XVII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained

and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Brown, First Choice, and ACorp.

## XVIII.

IT IS FURTHER ORDERED that, subject to Brown's right to assert, to the extent applicable, his privilege against self-incrimination under the Fifth Amendment to the United States Constitution, and to the extent not already completed, Defendants Brown, First Choice, and ACorp, within five days of the issuance of this Order, shall prepare and deliver to the Commission a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number.  The accounting shall include a description of the sources of all such assets.  Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's Los Angeles Regional Office to the attention of Sam Puathasnanon, Senior Trial Counsel.  After completion of the accounting, each of the Defendants shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accounting.  If Brown invokes his Fifth Amendment privilege against self-incrimination and asserts that the invocation of such privilege relieves him of the obligation to provide an accounting, Brown shall provide written notice of his invocation of the privilege to the permanent receiver and counsel for the Commission.

**XIX.**

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the Commission with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

**XX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: April 10, 2013

_____
HON. AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE